UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEENAN G. WILKINS,

    Petitioner,

    v.

GREGORY J. AHERN, Sheriff,

    Respondent.

                                    /

No. C 11-5626 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Keenan G. Wilkins, an inmate at the Alameda County Jail, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge an expired conviction. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition and attachments thereto provide the following information. Wilkins pled no contest and was convicted of robbery in Alameda County Superior Court; he was sentenced to eight years' imprisonment on June 2, 1999. He is no longer in custody on that sentence. *See* Petition, p. 2. In his federal habeas petition, Wilkins urges the following errors in the 1999 case: the waiver of his right to a jury trial was improper; he was subjected to excessive bail; and he received ineffective assistance of counsel from his court-appointed counsel.

**DISCUSSION**

It is too late for Wilkins to challenge the 1999 conviction. A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A person who has fully served his sentence and who is not subject to court supervision is not "in custody." *See DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). Wilkins is no longer in custody on his 1999 conviction and sentence, and therefore may not attack it in a federal habeas proceeding.

Wilkins does not state the reason for his current incarceration, but it appears that the 1999 conviction is currently of interest to him because it has been or might be used for sentence enhancement purposes on a new conviction. The new proceedings (whether they have resulted in a conviction or not) do not overcome the custody problem described in the preceding paragraph. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The only exception to the rule barring challenges to prior convictions is that a petitioner may challenge a prior conviction used to enhance a current sentence on the ground that there was a failure to appoint counsel in that case in violation of the Sixth Amendment. *Coss*, 532 U.S. at 404. That, however, is not the situation here. Wilkins' claim of ineffective assistance of appointed counsel necessarily shows that counsel *was* appointed for him in the 1999 proceedings. The sentence on the 1999 conviction has concluded and the conviction is no longer open to collateral challenge in federal court.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

2

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

This action is dismissed because the petitioner is not in custody on the conviction and sentence he seeks to challenge. The clerk shall close the file.

IT IS SO ORDERED.

DATED: January 8, 2012

                                          SUSAN ILLSTON
                                     United States District Judge